**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| TERRA NOSTRA RESOURCES CORP., | Case No. 08-14708 (JMP) |
| Debtor. | |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE TRUSTEE'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED, UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

WHEREAS, an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code")[1], was filed against the above-caption debtor (the "Debtor") on November 25, 2008 (the "Filing Date"); relief under chapter 11 was ordered on December 17, 2008 (the "Relief Date"); an order directing the appointment of a chapter 11 trustee was entered on December 18, 2008; and George M. Kelakos (the "Trustee") was appointed chapter 11 trustee by the United States Trustee on December 23, 2008; an order approving the Trustee's appointment was entered on December 31, 2008; and the Trustee qualified by filing his bond in an amount set by the United States Trustee (the "U.S. Trustee") on January 5, 2009;  and

WHEREAS, on May 19, 2009, the Trustee filed the Trustee's Amended Plan of Reorganization, dated May 19, 2009 (the "Prior Plan") and (ii) a Disclosure Statement to Accompany Trustee's Amended Plan of Reorganization, dated May 19, 2009 (the "Disclosure Statement");

---

[1] Unless otherwise specified, all section references are to the Bankruptcy Code.

WHEREAS, the Court approved the Disclosure Statement and a Combined Summary of Trustee's Amended Plan of Reorganization and Disclosure Statement for Transmittal to Equity Holders (the "Combined Summary"), and certain procedures for the solicitation and tabulation of votes on the Prior Plan by order dated May 21, 2009 (the "Disclosure Statement Order");

WHEREAS, on May 26 and 27, 2009, Affidavits of Service (the "Solicitation Affidavits") were filed with the Court evidencing the service of the Prior Plan, the Disclosure Statement, the Confirmation Hearing Notice, the Ballots (collectively, the "Solicitation Package") to creditors and the Combined Summary to equity holders in accordance with the Disclosure Statement Order;

WHEREAS, on May 22 and June 3, 2009, Affidavits of Service (the "Chinese JV Service Affidavits") were filed with the Court evidencing the service of the Notice of Hearing on Assumption of Debtor's Joint Venture Agreements Concerning Shandong Quanxin Stainless Steel Co., Ltd. and Shandong Terra Nostra-Jinpeng Metallurgical Co., Ltd, and Notice of Deadline for Submission of Cure Amounts for Alleged Defaults (the "Chinese JV Assumption Notice");

WHEREAS, pursuant to the Disclosure Statement Order, the deadline for objecting to confirmation of the Plan was June 22, 2009 (the "Plan Objection Deadline"), and no timely objections to confirmation were received or filed;

WHEREAS, the Trustee filed a Modification to the Prior Plan on June 29, 2009 (the "Modification"), and the Prior Plan as modified by the Modification, shall be referred to as the "Plan"; and the Trustee filed Plan Supplements on June 29, 2009;

WHEREAS, Alec P. Ostrow, of Stevens & Lee, P.C., counsel to the Trustee, filed a Certification of Ballots (the "Ballot Certification") on June 24, 2009;

WHEREAS, the Trustee filed a Declaration in Support of Confirmation of the Trustee's Amended Plan of Reorganization, as Modified (the "Trustee's Declaration") on June 29, 2009;

WHEREAS, the Trustee filed a Memorandum of Law in Support of Confirmation of the Trustee's Amended Plan of Reorganization, as Modified (the "Supporting Memorandum") on June 29, 2009;

WHEREAS, the confirmation hearing was held on July 1, 2009 (the "Confirmation Hearing");

WHEREAS, the Court has reviewed the Plan, the Disclosure Statement, the Plan Supplements, the Trustee's Declaration, the Supporting Memorandum, and all other pleadings, exhibits, statements and comments regarding confirmation of the Plan;

WHEREAS, the Court has (a) heard the statements of counsel at the Confirmation Hearing, (b) considered all evidence presented at the Confirmation Hearing, and (c) taken judicial notice of the papers and pleadings on file in the above-captioned Chapter 11 Case; and

WHEREAS, the Court has determined that (a) notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation of the Plan was adequate and appropriate as to all parties to be affected by the Plan and the transactions contemplated thereby, and (b) the legal and factual bases presented at the Confirmation Hearing establish just cause to confirm the Plan and for the relief granted herein;

NOW, THEREFORE, after due deliberation thereon and good cause appearing therefore, the Court hereby makes and issues the following Findings of Fact, Conclusions of Law and Order (the "Confirmation Order").

# I.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[2]

**1.      Jurisdiction and Venue**

The Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).  The Court has subject matter jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. § 157(b)(1).  Venue in the Southern District of New York is proper.

**2.      Modification to the Prior Plan; Plan Supplements**

The Modification to the Prior Plan filed on June 29, 2009, and the Plan Supplements filed on June 29, 2009 are consistent with all of the provisions of the Bankruptcy Code, including, but not limited to, sections 1122, 1123, 1125 and 1127.  The Modification and the Plan Supplements do not adversely change the treatment of holders of Claims and Interests under the Prior Plan.

**3.      Judicial Notice**

The Court takes judicial notice of the dockets in the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, including, without limitation, the Disclosure Statement Order, and all evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case including, but not limited to, the hearing for approval of the Disclosure Statement conducted on May 21, 2009, and the Confirmation Hearing.

---

[2] This Confirmation Order constitutes the Court's finding of fact and conclusions of law under Federal Rule of Civil Procedure 52, as made applicable herein by Bankruptcy Rules 7052 and 9014.  Any and all findings of fact shall constitute findings of fact even if stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if stated as findings of fact.

4. **Transmittal and Mailing of Solicitation Materials; Notice**

The Solicitation Package was transmitted and served, as set forth in the Solicitation Affidavits, and such transmittal and service of the solicitation materials constituted due and sufficient notice of the Prior Plan, the Confirmation Hearing, the Plan Objection Deadline and the deadline for voting to accept or reject the Prior Plan was adequate and sufficient under the circumstances, was given in compliance with Bankruptcy Rules 2002, 3017 and 3020 and the Disclosure Statement Order, and no other or further notice shall be required.

5. **Service of the Chinese JV Assumption Notice**

In accordance with Bankruptcy Rules 2002(1) and 3017(d) and the Disclosure Statement Order, and as set forth in the Chinese JV Service Affidavits, the Chinese JV Assumption Notice was served as required in the Disclosure Statement Order, and no other or further notice shall be required.

6. **Voting**

In accordance with the Certification of Ballots, Class 4 has voted to accept the Prior Plan in accordance with section 1126(c) of the Bankruptcy Code. Class 2 has no known creditor.

7. **Good Faith in Solicitation**

The solicitation of acceptances and rejections of the Prior Plan done in compliance with the Disclosure Statement Order was done in good faith within the meaning of section 1125(e) of the Bankruptcy Code, and therefore no person, including without limitation, the Trustee, will be liable in connection with the solicitation of acceptances or rejections of the Prior Plan or for the violation of any applicable law, rule, or regulation governing the offer, issuance, sale or purchase

of securities, including, without limitation the New Common Stock[3] to be distributed under the Plan.

**8.     Burden of Proof**

The Trustee, as proponent of the Plan, has the burden of proving the elements of sections 1129(a) and 1129(b) by a preponderance of the evidence, and the Trustee has met that burden as further found and determined herein.

**9.     Classes Deemed to have Accepted or Rejected the Third Amended Plan**

Class 1 (Post-Petition Secured Claims), and Class 3 (Priority Claims), are unimpaired and deemed to have accepted the Plan pursuant to section 1126(f).  Class 5 (Interests) is impaired and will not receive or retain any property under the Plan and is deemed to have rejected the Plan pursuant section 1126(g).

**10.     Selection of Option C as the Reorganization Transaction**

In accordance with Section 6.3 of the Plan, Option C has been properly selected as the Reorganization Transaction under the Plan.

**11.     Compliance with Applicable Provisions of the Bankruptcy Code**

The Plan complies with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(1), including, without limitation, sections 1122 and 1123 and Bankruptcy Rule 3016.

**a)     Section 1123(a)**

The Plan fully complies with each requirement of section 1123(a)(1) through 1123(a)(7), as set forth below:

(a)     Section 1123(a)(1).  Article III of the Plan designates each Class of Claims and Interests, as required by section 1123(a)(1).

---

[3]  Capitalized terms not otherwise defined herein shall have the meaning set forth in the Plan.

(b) <u>Section 1123(a)(2) and (3)</u>.  Article IV of the Plan specifies the treatment of each Class of Claims that is unimpaired, in accordance with sections 1123(a)(2) and 1123(a)(3).  Article V of the Plan specifies the treatment of each Class of Claims and Interests that is impaired, in accordance with sections 1123(a)(2) and 1123(a)(3).

(c) <u>Section 1123(a)(4)</u>.  In accordance with section 1123(a)(4), the Plan provides the same treatment for each Claim or Interest within a particular Class.

(d) <u>Section 1123(a)(5)</u>.  Pursuant to section 1123(a)(5), Article VI of the Plan provides adequate means for the Plan's implementation.  The Trustee's Declaration, and the representations made and evidence adduced at the Confirmation Hearing provide sufficient evidence that on the Effective Date, there will be sufficient Cash to make all payments required to be made pursuant to the terms of the Plan.  Moreover, Article VI and various other provisions of the Plan specifically provide adequate means for the Plan's implementation, including, without limitation: (a) the Debtor's continued operation of its business after the Effective Date (Plan, Section 8.1); (b) the cancellation of Old Common Stock, securities, instruments and agreements governing any Impaired Claim or Interest (Plan, Section 6.7); (c) the vesting of all property of the Estate in the Reorganized Debtor free and clear of all Claims, Liens, encumbrances, charges and other interests of creditors and equity security holders (Plan, Section 6.4); (d) the designation of the Plan Administration and the functions to be performed by the Plan Administrator (Plan, Sections 1.45 and 6.5); and (e) the selection of directors and officers for the Reorganized Debtor (Plan, Section 8.2).

(e) <u>Section 1123(a)(6)</u>.  Section 6.6 of the Plan provides for the amendment of the corporate charter of the Debtor to include a provision prohibiting the issuance of non-voting equity interests to the extent required by section 1123(a)(6) of the Bankruptcy Code.

(f) <u>Section 1123(a)(7)</u>.  Sections 6.2(c) and 8.2 of the Plan and the applicable Plan Supplement provide for the selection by the Funding Noteholders of the officers and directors of the Reorganized Debtor, which is consistent with the interests of creditors and the holders of the New Common Stock and with public policy.

**b)  The Plan Complies with Bankruptcy Rule 3016**

(g) <u>Bankruptcy Rule 3016(a)</u>.  The Prior Plan and the Modification are dated and identifies the Trustee as the proponent, thereby satisfying Bankruptcy Rule 3016(a).

(h) <u>Bankruptcy Rule 3016(c)</u>.  Other than conduct otherwise enjoined by the Bankruptcy Code, the Plan describes in specific and conspicuous language in Section 9.2 and 9.5 all acts to be enjoined and identifies the entities that would be subject to any such injunction, thereby satisfying Bankruptcy Rule 3016(c).

**12.  <u>Plan Complies with Section 1129(a) of the Bankruptcy Code.</u>**

The Plan satisfies all of the criteria of section 1129(a), except for section

1129(a)(8).  The Plan may be confirmed even without satisfying section 1129(a)(8) if it satisfies

the requirements of section 1129(b) with respect to the treatment of a non-accepting impaired Class.  As discussed in paragraph 13 of this Part I below, the Plan meets the requirements of section 1129(b).

### a)  Section 1129(a)(1) - The Plan Complies with All Applicable Provisions of the Bankruptcy Code.

The Plan's compliance with the provisions of section 1123 is set forth in paragraph 11 of this Part I above.

### b)  Section 1129(a)(2) - The Trustee Has Complied with All Applicable Provisions of the Bankruptcy Code.

The Trustee, as proponent of the Plan, has complied with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(2), including, without limitation, sections 1123, 1125 and 1126 and Bankruptcy Rules 3017, 3018 and 3019.

### c)  Section 1129(a)(3) - The Plan Has Been Proposed in Good Faith and Not by Any Means Forbidden by Law.

The Trustee has proposed the Plan in good faith and not by any means forbidden by law. Consistent with the overriding purpose of chapter 11 of the Bankruptcy Code, the Plan is designed to allow the Debtor to reorganize and rehabilitate with the potential to maximize the value of its assets.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case, the Plan itself, and the process leading to its formulation.  See Bankruptcy Rule 3020(b)(2).

### d)  Section 1129(a)(4) - The Plan Provides for Court Approval of Certain Administrative Expense Payments.

Pursuant to section 1129(a)(4), any payment made or promised by the Trustee or a person issuing securities or acquiring property under the Plan, for services rendered or expenses incurred in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case prior to the Effective Date, is subject to approval of the Court.  In particular,

the professional fees of counsel, the commissions as Trustee, and the compensation arrangement for the Plan Administrator have been or will be subject to approval by this Court. The Plan complies in all respects with section 1129(a)(4).

### e) Section 1129(a)(5) - The Identity of Proposed Officers and Directors and the Compensation of Insiders Have Been Disclosed.

Pursuant to section 1129(a)(5), the identity and affiliations of the directors and officers of the Reorganized Debtors have been disclosed in a Plan Supplement. The appointment to, or continuance in, such offices by such persons is consistent with the interests of the Debtor's creditors and with public policy. There is no insider that will be employed or retained by the Reorganized Debtor.

### f) Section 1129(a)(6) - The Plan Does Not Contain Any Rate Changes Subject to the Jurisdiction of Any Governmental Regulatory Commission and Will Not Require Governmental Regulatory Approval.

The Debtor is not subject to the jurisdiction of any governmental regulatory commission and therefore, the Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commission and will not require governmental regulatory approval. Accordingly, the Plan complies with section 1129(a)(6).

### g) Section 1129(a)(7) – The Plan Is In the Best Interests of All Holders of Claims and Interests.

The Court finds that statements concerning the satisfaction of "best interests of creditors" test under section 1129(a)(7) as set forth in the Disclosure Statement and the Trustee's Declaration are persuasive and credible, have not been controverted, and provide a reasonable estimate of the amount each class would be expected to receive in a liquidation under Chapter 7 of the Bankruptcy Code. The Court therefore finds that all classes will not receive or retain property with a value less than would be received in a liquidation under chapter 7 of the Bankruptcy Code.

### h) Section 1129(a)(8) - The Plan Has Not Been Accepted by All Impaired Classes.

As set forth in Article IV of the Plan, Class 1 (Post-Petition Secured Claims) and Class 3 (Priority Claims) are unimpaired under the Plan and are conclusively presumed to have accepted the Plan pursuant to section 1126(f). As set forth in Article V of the Plan, Class 2 (Other Secured Claims), Class 4 (General Unsecured Claims), and Class 5 (Interests) are impaired under the Plan. There is no known creditor in Class 2, and even if there were, as set forth in paragraph 13 below, the Plan satisfies the "cram down" requirements of Sections 1129(b)(1) and 1129(b)(2)(A) of the Bankruptcy Code with respect to Class 2. Class 4 has voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code. The holders of Interests in Class 5 will neither receive nor retain any property pursuant to the Plan. Class 5 is deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code, and thus, the Plan does not satisfy section 1129(a)(8). Nevertheless, the Plan may still be confirmed by satisfaction of the requirements of section 1129(b)(1). As set forth in paragraph 13 of this Part I below, the Plan satisfies the "cram down" requirements of sections 1129(b)(1) and 1129(b)(2)(C).

### i) Section 1129(a)(9) - The Plan Provides for the Statutorily Mandated Treatment of Claims Entitled to Priority.

The Plan provides for the statutorily mandated treatment of Administrative Expense Claims, Gap Period Claims, and Priority Tax Claims, and Claims entitled to priority under sections 507(a)(3) through 507(a)(9) in the manner required by, and complies in all respects with, section 1129(a)(9).

### j) Section 1129(a)(10) – The Plan Has Been Accepted by an Impaired Class of Claims, Not Counting the Acceptances of Insiders.

Class 4 is an Impaired Class of Claims that has accepted the Plan. As set forth in the Ballot Certification, all Ballots that indicated either acceptance or rejection were voted in favor

of accepting the Plan.  Therefore, Class 4 has accepted the Plan not counting the acceptances of any insiders.  Accordingly, the Plan complies with  section 1129(a)(10).

### k)  Section 1129(a)(11) - The Plan Is Feasible.

The Court finds that statements concerning the satisfaction of feasibility requirement in section 1129(a)(11) as set forth in the Trustee's Declaration are persuasive and credible, have not been controverted, and establishes that the Plan is feasible and has a reasonable likelihood of success, and that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or the Reorganized Debtor.  Accordingly, the requirements of section 1129(a)(11) are satisfied in all respects.

### l)  Section 1129(a)(12) - The Plan Provides for the Payment of All Statutory Fees Under 28 U.S.C. §1930.

The Trustee has paid the required quarterly fees to the United States Trustee during the case and prior to the Effective Date, and Section 2.6 of the Plan requires the payment of  all such fees due after the Effective Date in accordance with 28 U.S.C. § 1930(a). The Plan therefore satisfies the requirements of section 1129(a)(12).

### m)  Section 1129(a)(13) – No Retiree Benefits Are Payable.

The Court finds that the Debtor has no retirees to whom benefits are payable under section 1114 of the Bankruptcy Code.  Therefore the Plan complies with requirements of section 1129(a)(13).

### n)  Section 1129(a)(14) – No Domestic Support Obligations Are Payable

The Court finds that the Debtor has domestic support obligations within the meaning of section 101(14A) of the Bankruptcy Code.  Therefore the Plan complies with requirements of section 1129(a)(13).

### o) Section 1129(a)(15) – The Debtor Is Not an Individual

The Debtor is not an individual. Consequently, the Plan is not subject to the restrictions set forth in section 1129(a)(15), and the Plan complies with the requirements of such section.

### p) Section 1129(a)(16) – The Debtor Is Not a Non-Profit Organization

Section 1129(a)(16) contains requirements for plans that concern a debtor that is not a moneyed, business, or commercial corporation or trust. The Debtor is not such an entity. Therefore, the Plan complies with section 1129(a)(16).

### 13. Section 1129(b) - Confirmation of the Plan Over Non-Acceptance of Impaired Classes.

The Plan satisfies the requirements of section 1129(b) with respect to Class 2 and Class 5, the only non-accepting Classes under the Plan. In particular as to Class 2 (Other Secured Claims), if there is a claim in this Class, the treatment for this Class, subject to the election of the Reorganized Debtor, is as follows: payment of cash equal to the allowed amount of the claim; surrender of the collateral; or the holder's legal equitable and contractual rights unaffected by the plan. The first two potential treatments satisfy the "cram down" criteria in Section 1129(b)(2)(A) of the Bankruptcy Code, and that the third potential treatment is an unimpaired treatment under Section 1124 of the Bankruptcy Code. In particular as to Class 5 (Interests), because there is no junior class to Class 5, no holder of any interest junior to the Class 5 Interests will receive or retain under the Plan on account of such junior interest any property. The Court finds that the Plan is fair and equitable to the Holders of Claims and Interests in Class 2, if any, and Class 5 in that it satisfies the absolute priority rule as applicable to such Classes and provides for an appropriate distribution of the value of the Debtor's Estate to such Classes. The Plan does not unfairly discriminate against the members of Class 2 or Class 5, because all Holders of Allowed Claims or Interests in such Classes are grouped together in appropriate Classes and will

receive the same treatment under the Plan,  and there is no other Class of similarly situated

Claims or Interests that receives a more favorable treatment.

14.     **Only One Plan Is Confirmed – Section 1129(c)**

Only one plan has been submitted for confirmation, and only one plan meets the

requirements of confirmation.  Confirmation of the Plan is therefore consistent with Section

1129(c).

15.     **The Principal Purpose of the Plan Is Not the Avoidance of Taxes - Section 1129(d)**

The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the

application of section 5 of the Securities Act of 1933 (as amended, the "Securities Act"), and no

party in interest has filed an objection asserting any such purposes.  Accordingly, the Plan

satisfies the requirements of section 1129(d) in all respects.

16.     **The Debtor Is Not a Small Business Debtor – Section 1129(e)**

The Court finds that the Debtor is not a "small business debtor" within the meaning of

section 101(51D).  Therefore, the Chapter 11 Case is not a "small business case" within the

meaning of section 101(51C).  Accordingly, the provisions of section 1129(e) are not applicable.


17.     **Conditions Precedent**

a)   **Satisfaction or Waiver of Conditions to Confirmation**

The Court has accepted into evidence the written waiver of conditions executed in

accordance with Section 13.3 of the Plan.  The Trustee represents, and no party has objected, that

each of the conditions precedent to confirmation of the Plan, as set forth in Section 13.1 of the

Plan, has been satisfied or waived in accordance with Section 13.3 of the Plan.

<b>b) Satisfaction or Waiver of Conditions to Occurrence of Effective Date</b>

The Court has accepted into evidence the written waiver of conditions executed in accordance with Section 13.3 of the Plan. The Trustee represents, and no party has objected, that each of the conditions precedent to the Effective Date, as set forth in Section 13.2 of the Plan, has been satisfied or waived in accordance with Section 13.3 of the Plan.

**18.**  **Approval of the Discharges, Exculpations, and Injunctions**

Pursuant to section 1123(b)(3), the discharges, exculpations and injunctions set forth in the Plan and implemented by this Confirmation Order, including, without limitation, Sections 9.1, 9.2 and 9.5 of the Plan, are hereby approved as fair, equitable, reasonable and in the best interests of the Debtor, the Reorganized Debtor, and the Estates, creditors and equity interest holders. Because Option B has not been selected for consummation, the release set forth in section 9.3 shall not be effective.

**19.**  **Assumption of the Chinese Joint Venture Agreements; Rejection of All Other Executory Contracts**

The Trustee has exercised sound business judgment in determining to assume the Chinese Joint Venture Agreements in accordance with Section 7.2 of the Plan. The notice provisions of the Disclosure Statement Order have been satisfied, and no timely assertion of a cure amount has been made. The Court finds that there is no default by the Debtor under the Chinese Joint Venture Agreements and these Agreements may be assumed, pursuant to Section 365(a) of the Bankruptcy Code. No other executory contracts or unexpired releases have been proposed to be assumed under the Plan, and all other executory contracts and unexpired leases are hereby rejected. The assumption of the Chinese Joint Venture Agreements and the rejection of any other executory contract or unexpired lease shall be legal, valid, and binding upon the Debtor or

Reorganized Debtor and all non-Debtor parties to such executory contract or unexpired lease, all to the same extent as if such assumption or rejection had been effectuated pursuant to an order of the Court entered before the Confirmation Date.

## II.
## ORDER

**BASED ON THE FOREGOING FINDINGS OF FACT, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

**1.      Order**

This Order shall constitute the (i) Confirmation Order, and thereby confirm the Plan in all respects.

**2.      Objections**

Any objections to the Plan filed or otherwise asserted at the Confirmation Hearing have been withdrawn or are hereby overruled.

**3.      Confirmation of the Plan**

The Plan and its provisions are hereby confirmed in all respects pursuant to section 1129. The terms of the Plan are incorporated by reference into this Confirmation Order.  Option C is selected as the Reorganization Transaction under the Plan.  In accordance with the terms of the Plan, any provision of the Plan that is applicable only to Option A or Option B shall not be effective.  All other terms of the Plan shall be effective, binding and enforceable in accordance with their respective terms as of the Effective Date.  Notwithstanding the foregoing, if there is any inconsistency between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

4.      **Plan Classification Controlling**

The classification of Claims and Interests for purposes of distributions under the Plan shall be governed solely by the terms of the Plan.

5.      **Treatment of Unclassified Claims**

The provisions of Article II of the Plan relating to the treatment of unclassified Claims, including Administrative Expense Claims, Gap Period Claims, Professional Fees and Expense Claims, and Priority Tax Claims, are hereby approved in all respects.

6.      **Distributions and Claims Reconciliation**

The provisions of Article VI of the Plan regarding distributions under the Plan, including the provisions regarding Disputed Claims, are hereby approved in all respects.

On and after the Effective Date, the Reorganized Debtor and the Plan Administrator shall have sole responsibility and authority for administering, disputing, objecting to, compromising and settling, or otherwise resolving and making Distributions with respect to all Claims, including all Administrative Claims.

7.      **Matters Relating to Implementation of the Plan**

      a)  **Means for Implementation of the Plan**

The Reorganized Debtor and the Plan Administrator are authorized to take all necessary or appropriate steps, and perform all necessary or appropriate acts, to consummate the terms and conditions of the Plan, including but not limited to the provisions regarding Option C.

      b)  **Approval and Effectiveness of Plan Supplements.**

Entry of this Confirmation Order shall constitute approval of the Plan Supplements and all such transactions contemplated thereby, subject to the occurrence of the Effective Date. On the Effective Date, all Plan Supplements and all other agreements entered into or documents issued pursuant to the Plan shall become effective, binding, and enforceable upon the parties

thereto in accordance with their respective terms and conditions and shall be deemed to become effective simultaneously.

### c) Corporate Action

On the Effective Date, the Reorganized Debtor and the Plan Administrator are hereby authorized, without any further act or action under any applicable law, order, rule or regulation (including, without limitation, any requirement of further action by the stockholders or directors of the Debtor or Reorganized Debtor) to take any corporate action necessary or appropriate to consummate the Plan, except as otherwise expressly set forth in the Plan.

### d) Future Transactions

On and after the Effective Date, the Reorganized Debtor, through its directors and officers, or the Plan Administrator, solely on behalf of the Reorganized Debtor, may enter into such transactions and may take such actions as may be necessary or appropriate to effect a corporate transaction without the need to comply with the Bankruptcy Code or the Bankruptcy Rules, or to obtain approval of this Court; provided, however, that such transaction is not prohibited by the Plan.

## 8. Effect of Confirmation of the Plan

### a) Termination of the Post-Petition Loan Agreements

On the Effective Date, upon the payment and satisfaction of all Allowed Class 1 Claims, the Post-Petition Financing Agreements shall be deemed terminated and all Liens and security interests granted to secure such obligations shall be deemed terminated and of no further force or effect.

### b) Term of Bankruptcy Injunction or Stays

All injunctions or stays provided for in the Chapter 11 Case under sections 105 or 362, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

### c) Revesting of Assets

(i)     The property of the Estate shall revest in the Reorganized Debtor on the Effective Date.

(ii)     As of the Effective Date, pursuant to section 1141, all property of the Debtor and Reorganized Debtor shall be free and clear of all Liens, Claims and interests of holders of Claims and Equity Interests, except as otherwise provided in the Plan or in this Confirmation Order.

### d) Exculpations

The exculpation provisions contained in the Plan are reasonable, fair and equitable, are given for valuable consideration, are in the best interests of the Debtor and the Estate, and are integral to the Debtor's successful reorganization, and are hereby approved as essential to the success of the Plan and such provisions shall be effective and binding upon all Persons and entities otherwise bound by the terms and conditions of the Plan.

### e) Injunction Against Interference with the Plan

Upon the entry of this Confirmation Order, all holders of Claims and Interests and any Person acquiring property under the Plan, along with their respective present or former employees, agents, officers, directors, or principals, are hereby permanently enjoined from commencing or continuing any judicial process or administrative proceeding or the employment of any process to interfere with the implementation or consummation of the Plan or the payments to be made under the Plan.

### f) Discharge

The rights afforded under the Plan and the treatment of all Claims and Interests thereunder shall be in exchange for and in complete satisfaction, discharge, and release of all Claims or Interests of any kind or nature whatsoever, including any interest accrued on such Claims from and after the Filing Date, against the Debtor, the Reorganized Debtor or any of their respective assets or properties, arising prior to the Effective Date. Except as otherwise expressly specified in the Plan, this Confirmation Order shall act, as of the Effective Date, as a discharge of all debts of, Claims against, Liens on, and Interests in the Debtor, its assets and properties, arising at any time before the Effective Date, regardless of whether a proof of Claim or Interest with respect thereto was filed, whether the Claim or Interest is Allowed, or whether the holder thereof votes to accept the Plan or is entitled to receive a Distribution hereunder. Except as otherwise expressly specified in the Plan, after the Effective Date, any Holder of such discharged Claim or Interest shall be precluded from asserting any other or further Claim against, or Interest in, the Debtor, the Reorganized Debtor, or any of their respective assets or properties, based on any document, instrument, act, omission, transaction, or other activity of any kind or nature that occurred before the Effective Date.

### c) Injunction Related to Discharge

Except as otherwise expressly provided in the Plan, this Confirmation Order or a separate order of this Court, all Persons who have held, hold or may hold Claims against or Interests in the Debtor, are permanently enjoined, on and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Interest, (b) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtor on account of any such Claim or Interest, (c) creating, perfecting or enforcing any Lien or asserting control of any kind against the

Debtors or against the property or interests in property of the Debtors on account of any such Claim or Interest and (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtor or against the property or interests in property of the Debtor on account of any such Claim or Interest. Such injunctions shall extend to successors of the Debtor (including, without limitation, the Reorganized Debtor) and their respective properties and interests in property.

**9.** **Treatment of Executory Contracts and Unexpired Leases**

**a) Assumption and Rejection**

The executory contract and unexpired lease provisions set forth in Article VII of the Plan are hereby approved in their entirety, provided that any provision that is applicable to solely to Option A or Option B shall not be effective. On the Effective Date, the Chinese Joint Venture Agreements shall be deemed assumed in accordance with sections 365 and 1123, and all other executory contracts and unexpired leases shall be deemed rejected. Entry of this Confirmation Order shall constitute approval of such assumption or rejection, as applicable, as of the Effective Date. The Chinese Joint Venture Agreements, which are to be assumed by the Debtor, shall be assigned and transferred to, and remain in full force and effect for the benefit of the Reorganized Debtor, as applicable, as of the Effective Date, notwithstanding any provision in such Agreements (including those described in sections 365(b)(2) and (f)) that prohibits such assignment or transfer or that causes or requires termination of such Agreements.

**b) No Cure of Defaults Required**

No payment of money or performance of any obligation shall be required to assume the Chinese Joint Venture Agreements.

### c) Rejection Damage Claims

All Claims for damages arising from the rejection of executory contracts or unexpired leases must be filed with the Court not later than 30 days after entry of this Confirmation Order. Any Claims not filed within such time shall be forever barred from assertion against the Debtor and the Reorganized Debtor. All Allowed Claims arising from the rejection of executory contracts or unexpired leases shall be treated as General Unsecured Claims in Class 4.

### 10. Miscellaneous Provisions

### a) Effectuating Documents and Further Transactions

The Reorganized Debtor or the Plan Administrator, as the case may be, is hereby authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to implement, effectuate and further evidence the terms and conditions of the Plan and any equity securities issued pursuant to the Plan.

### b) Exemption from Transfer Taxes

Pursuant to section 1146(a), the issuance, transfer or exchange of equity securities under the Plan, or the making or delivery of any instrument of transfer under, in furtherance of, or in connection with the Plan, executed in connection with any of the transactions required by the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

### c) Post-Effective Date Fees and Expenses

From and after the Effective Date, the Reorganized Debtor shall, in the ordinary course of business and without the necessity for any approval by the Bankruptcy Court, pay the reasonable fees and expenses of Professionals thereafter incurred by the Reorganized Debtor, including,

without limitation, those fees and expenses incurred in connection with the implementation and consummation of the Plan.

### d) Payment of Statutory Fees

The Reorganized Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6).  After confirmation, the Reorganized Debtor shall file with this Court and serve on the U.S. Trustee a quarterly financial report regarding all income and disbursements, including all plan payments, for each quarter (or portion thereof) the cases remain open.

### e) Administrative Bar Date

The first business day on or after the thirtieth day after the entry of this Confirmation Order shall be the last date to file requests for payment of Administrative Claims not required to be filed prior to the Bar Date, including Claims for Professional Fee Claims.  Any Administrative Claims not filed within such time shall be forever barred from assertion against the Debtor, and the Reorganized Debtor.

### f) Amendment or Modification of the Plan

(i)      Substantive Amendments.  The Plan may be altered, amended or modified by the Reorganized Debtor at any time after the Confirmation Date in conformity with section 1127(b), provided that the Plan, as altered, amended or modified, satisfies the requirements of sections 1122 and 1123 and the Bankruptcy Court, after notice and a hearing, confirms the Plan, as altered, amended or modified, under section 1129 and the circumstances warrant such alterations, amendments or modifications.  The Plan, as altered, amended or modified, will be binding on all holders of Claims and Interests under the Plan as

long as the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim or Interest of such holder.

(ii) <u>Other Amendments.</u> The Reorganized Debtor may make appropriate technical or non-substantive adjustments and modifications to the Plan without further order or approval of the Bankruptcy Court.

**g) Binding Effect**

The Plan shall be binding upon and inure to the benefit of the Debtor, the holders of Claims and Equity Interests, and their respective successors and assigns, and any entity acquiring property under the Plan including, without limitation, the Reorganized Debtor.

**h) Notices**

All notices, requests and demands to or upon the Reorganized Debtor or the Plan Administrator to be effective shall be in writing and, unless otherwise expressly provided for in the Plan, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed.

**i) Withholding and Reporting Requirements**

In connection with the consummation of the Plan, the Reorganized Debtor or the Plan Administrator, as the case may be, shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all distributions made pursuant to the Plan shall be subject to any such withholding and reporting requirements; provided, however, that the Debtor shall take all necessary and appropriate steps so that the Debtor shall no longer have any reporting obligations as a public company and the Debtor (or the Plan Administrator or the Reorganized Debtor, as the case may be) is authorized to file such documents as may be necessary or appropriate to reflect as de-listing of the Debtor from any and all publicly traded exchanges.

### j) Filing of Additional Documents

On or before Substantial Consummation of the Plan, the Trustee, the Reorganized Debtor or the Plan Administrator shall file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

### k) No Admissions

Notwithstanding anything in the Plan to the contrary, nothing contained therein shall be deemed as an admission by any Person with respect to any matter set forth in the Plan.

### l) Validity and Enforceability of Plan Provisions

The failure to reference any particular provision of the Plan, or any document related to the Plan, in this Confirmation Order shall have no effect on the binding effect, enforceability or legality of such provisions, and such provisions of the Plan shall have the same binding effect, enforceability or legality as every other provision of the Plan. Except with respect to terms solely applicable to Option A or Option B, each term and provision of the Plan shall be valid and enforceable pursuant to its terms.

## 11. <u>Retention of Jurisdiction</u>

This Court shall have exclusive jurisdiction of all matters arising out of, and related to, the Chapter 11 Case and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 and for, among other things, the following purposes:

      (a)     to hear and determine any and all objections to the allowance of any Claim or Administrative Claim or any controversy as to the classification of Claims or any matters which may directly, indirectly or contingently affect the obligations of the Debtor as to any parties;

      (b)     to hear and determine any and all applications for compensation and reimbursement of expenses by Professional Persons;

(c)     to hear and determine any and all pending applications for the rejection and disaffirmance of executory contracts and unexpired leases, and to fix any Claims resulting therefrom;

(d)     to hear and determine all adversary proceedings commenced pursuant to Bankruptcy Rule 7001, including those commenced by the Plan Administrator asserting any of the Causes of Action;

(e)     to enforce the provisions of the Plan;

(f)     to enjoin any Person from interfering with the implementation and consummation of the Plan or with any release provision of the Plan;

(g)     to correct any defect, cure any omission, or reconcile any inconsistency in the Plan or in this Confirmation Order as may be necessary to carry out the purpose and the intent of the Plan; and

(h)     to determine such other matters as may be provided for in this Confirmation Order or may be authorized under the provisions of the Bankruptcy Code.

## 12.     **Limitation of Preclusive Effect of Confirmation**

Confirmation of the Plan shall not have the effect of precluding, under the doctrine of res judicata, claim preclusion or otherwise, the litigation, prosecution and defense of any (a) Cause of Action preserved in Section 6.9 of the Plan, whether or not such Cause of Action is expressly identified in the Plan, the Disclosure Statement, or a Plan Supplement, and whether or not such Cause of Action is commenced after the Confirmation Date, or (b) objection to a Claim, provided such objection to a Claim is filed not later than the later of (i) 60 days after the entry of this Confirmation Order or (ii) 60 days after the filing of such Claim.

## 13.     **Authorization to Consummate the Plan**

The Trustee, the Reorganized Debtor and the Plan Administrator are authorized to consummate the Plan.

**14.**     **Approval of Plan Administrator Compensation Arrangement**

The compensation arrangement for the Plan Administrator, as set forth in Plan at Section

6.5 and the Plan Supplement filed on June 29, 2009, is approved as reasonable, pursuant sections

105(a) and 1129(a)(4) of the Bankruptcy Code.


**15.**     **Discharge of Trustee as of Effective Date**

As of the Effective Date, the Trustee is discharged from his duties.

**16.**     **Waiver of 10-Day Stay Period**

Pursuant to Bankruptcy Rule 3020(e), the 10-day stay of the effectiveness of this Order is

hereby waived, and this Order shall be immediately effective upon entry.


Dated: New York, New York
         July 1, 2009

                         ___*s/ James M. Peck*_____
                         Honorable James M. Peck
                         United States Bankruptcy Judge